```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 5/29/15
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 15 Civ. 03320 (WHP) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)** |
| - against - | |
| XIAOYU XIA and YANTING HU, | **ECF CASE** |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and among plaintiff Securities and Exchange Commission (the "Commission") and defendants Xiaoyu Xia ("Xia") and Yanting Hu ("Hu") (together, the "Parties"), subject to the approval of the Court, and pursuant to Fed. R. Civ. P. 26(c), that the following protective order shall govern confidential and proprietary information produced in this action.

1. This Protective Order shall apply to all information, documents, testimony, and other things produced in this action that contain non-public, confidential, proprietary, or sensitive information, whether personal or business-related, and any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material") – namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" under the Protective Order.

2. As used herein, the term "Producing Party" shall refer to the Party producing Discovery Material in this action. The term "Receiving Party" shall refer to the Party or Parties in this action who receive Discovery Material.

3. A Producing Party may designate Discovery Material CONFIDENTIAL, as set forth herein, if it comprises, includes or reflects non-public, confidential, proprietary, or sensitive information, whether personal or business-related, and any copies, excerpts, summaries, derivations or compilations of any of the foregoing.

4. In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL:

(a) shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a Party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to different treatment; and

(b) shall be used only for purposes of this litigation or any parallel criminal case and not for any other purpose whatsoever without the express consent of the Producing Party, unless otherwise required by law.

5. A Producing Party may designate documents or other tangible Discovery Material by placing the following legend on the document or media containing documents: "CONFIDENTIAL."

(a) Written discovery may be designated by placing a legend on every page of the written material prior to production or on a label or cover page to the materials stating "CONFIDENTIAL."

(b)     Parties to this agreement or testifying persons may designate depositions and other testimony as CONFIDENTIAL by indicating on the record at the time the testimony is given or by sending written notice that the testimony is so designated within thirty (30) days of receipt of the final hard copy transcript of the testimony. All information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which it may be designated CONFIDENTIAL has passed.

(c)     Notwithstanding any other language of this Paragraph 5 to the contrary, a Producing Party may, within thirty days after entry of this Protective Order, designate any previously-produced Discovery Material as CONFIDENTIAL by identifying that Discovery Material as such, in writing, to counsel for each other Party.

6.      Discovery Material designated as CONFIDENTIAL may be disclosed only to: (i) the Parties and counsel of record and supporting personnel; (ii) the Court and its personnel in hearings (except court filings shall be completed pursuant to paragraph 11 below); (iii) stenographic reporters, videographers, and other clerical personnel retained for services related to this litigation; (iv) experts or consultants of the Parties (and their secretarial and clerical personnel); (v) actual fact witnesses whom counsel for the Receiving Party believes in good faith are likely to have knowledge pertaining to the content of the Discovery Material to be disclosed; (vi) any person expressly named and agreed to in writing by the Parties or further Order of the Court; and (vii) government personnel in connection with any parallel criminal case.

## LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL

7. All persons receiving CONFIDENTIAL Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any CONFIDENTIAL Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance and compliance with, or violation of this Protective Order.

8. Counsel who makes CONFIDENTIAL Discovery Material available to persons set forth in Paragraph 6 above shall make their best efforts with respect to limiting distribution thereof to the persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall: (i) destroy all such Discovery Material; (ii) return all such Discovery Material to the Receiving Party's counsel of record, as soon as practicably possible thereafter, but in no event longer than thirty (30) days after the termination or conclusion of the participation; or (iii) maintain such Discovery Material in a safe and secure location until such time as permitted to destroy or return such Discovery Material under applicable rules and/or regulations.

9.  Before a Receiving Party discloses any Discovery Material designated CONFIDENTIAL to any person other than the Parties or the Court, the Receiving Party shall take steps to ensure that such person has reviewed and acknowledged this Protective Order by signing the acknowledgment form attached hereto as Exhibit A, and each Party's counsel shall retain each executed Exhibit A and shall keep a list identifying (i) all persons to whom Discovery Materials have been disclosed, and (ii) all Discovery Materials disclosed to such persons. Each such executed Exhibit A and list shall be submitted to counsel for the Producing Party, if counsel for the Producing Party so requests, at the termination of this litigation.

10. To the extent that any CONFIDENTIAL Discovery Material is used in a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.

11. CONFIDENTIAL Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in any applicable local rule about filing materials under seal.

12. None of the provisions of this Protective Order shall apply to Discovery Material, regardless of its designation, that was already available to the public at the time of production or became available to the public after the time of production except by unauthorized act, failure to act, or violation of this Order by a Receiving Party, its counsel, representatives or experts.

## CHALLENGE TO CONFIDENTIALITY DESIGNATION

13. If a Receiving Party disagrees with the CONFIDENTIAL designation of any Discovery Material, the Receiving Party will so notify the designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement, the Receiving Party may move the Court to alter or remove the confidentiality designation or redaction, with such motion to be presented in accordance with any applicable local rule. The burden to prove confidentiality shall be on the Receiving Party. In the event that such a motion is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as CONFIDENTIAL until the motion has been decided by the Court. In the event that such a motion is granted, the Producing Party shall cause the confidentiality legend or redaction to be altered or removed from such documents within ten (10) business days following entry of the Court's order, unless the Producing Party has sought reconsideration or appeal.

## MISCELLANEOUS PROVISIONS

14. In the event of a disclosure of any Discovery Material designated pursuant to the Protective Order as CONFIDENTIAL to a person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure ("Disclosing Party"), and each Party with knowledge thereof, shall immediately notify counsel for the Party whose Discovery Material has been disclosed and provide to such counsel with known relevant information concerning the nature and circumstances of the disclosure. The Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof are made.

15.  Not later than ninety (90) days after the final disposition of this litigation (including after appeals, if any), each Party shall: (i) return all CONFIDENTIAL Discovery Material of a Producing Party to the respective outside counsel of the Producing Party; (ii) destroy such Discovery Material; or (iii) maintain such CONFIDENTIAL Discovery Material in a safe and secure location until such time as permitted to destroy or return such Discovery Material under applicable rules and/or regulations. All Parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL Discovery Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Materials, outside counsel may retain pleadings, expert reports, depositions, deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and consultant work product for archival purposes. Nothing in this paragraph shall require any Party to search for and destroy any electronic mail that contains or reflects CONFIDENTIAL information, including attachments, provided that the Party has taken precautions to protect the confidentiality and security of its electronic mail system.

16.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

17.  This Protective Order is intended to complement the Court's order pursuant to Fed. R. Evid. 502(d) (Entry No. 160) (the "Rule 502(d) Order"). In all possible respects, this Protective Order and the Rule 502(d) Order are to be construed consistently.



SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.   5/29/15

SO STIPULATED:

Dated: May 28, 2015

          s/Dugan W.E. Bliss
          Dugan W.E. Bliss (admitted *pro hac*)
          Senior Trial Counsel
          Gregory A. Kasper (NY 2735405; SDNY GK6596)
          Regional Trial Counsel
          L. James Lyman (admitted *pro hac*)
          Counsel
          Attorneys for Plaintiff
          SECURITIES AND EXCHANGE COMMISSION
          1961 Stout Street, 17th Floor
          Denver, Colorado 80294
          (303) 844-1000
          blissd@sec.gov
          kasperg@sec.gov
          lymanl@sec.gov

Dated: May 28, 2015

          MOSES & SINGER LLP
          Attorneys for Defendant Yanting Hu

          By: s/Jason Canales
               Jason Canales
          The Chrysler Building
          405 Lexington Avenue
          New York, New York 10174
          (212) 554-7875
          Jcanales@mosessinger.com

Dated: May 28, 2015

          DECHERT LLP
          Attorneys for Xiaoyu Xia

          By: s/Jonathan Streeter
               Jonathan Streeter
          1095 Avenue of the Americas
          New York, New York 10036
          (212) 698-3826
          jonathan.streeter@dechert.com